IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WESTERN DIRECTORIES, INC.,

    Plaintiff,

  v.

GOLDEN GUIDE DIRECTORIES, INC.; WEST COAST YELLOW PAGES, INC.; KEVIN TISDALE; MIKE MASON; and TROY OTUS,

    Defendants.

                                        /

No. C 09-1625 CW

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

    Plaintiff moves for a temporary restraining order prohibiting Defendants from, among other things, using Plaintiff's confidential information and making certain representations to Plaintiff's customers.  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction."  Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).  "[T]he required showing of harm varies inversely with the required showing of meritoriousness."  Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir.

1987)).  "When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'"  Id. (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

Plaintiff has established, at a minimum, that serious questions exist concerning its claims for misappropriation of trade secrets, unfair competition, trade libel and violation of the Lanham Act.  Defendants have submitted no evidence directly contradicting Plaintiff's specific allegations, and have not challenged the legal authority Plaintiff cites in its motion. Additionally, Plaintiff is likely to suffer irreparable harm in the form of lost business if Defendants are not prospectively enjoined from engaging in practices of the type described in Plaintiff's declarations.  In contrast, Defendants will not suffer hardship if they are prohibited employing unlawful means to complete against Plaintiff.  The balance of harms thus tips in Plaintiff's favor. The public interest is not squarely implicated in this case, but it would not be against the public interest to issue a temporary restraining order.

The Court concludes that injunctive relief is warranted. However, the temporary restraining order Plaintiff seeks is overbroad and is not specific enough to be enforceable.  The Court will therefore grant an injunction that is narrower in scope.

For these reasons, Defendants are hereby temporarily restrained, pending a hearing on Plaintiff's motion for a preliminary injunction, from:

2

1) accessing any database or other electronic file originating from a computer or server owned by Western Directories by virtue of its purchase of West Coast Yellow Pages, Inc.'s assets, or accessing any physical records originating from files owned by Western Directories by virtue of such purchase;

2) making any representations concerning Western Directories' financial condition or Western Directories' plans or business practices with respect to West Coast Yellow Pages, including but not limited to statements that Western Directories is going out of business or is no longer in business, that Western Directories is operating a "fraud" or a "scam," that Western Directories is taking customers' money and will not publish the promised directories or that Western Directories has failed to publish promised directories;

3) representing to customers that they are the successors of West Coast Yellow Pages; and

4) attempting to persuade Western Directories' customers to cancel contracts with Western Directories, to pull advertising from future Western Directories publications, to "renew" their West Coast Yellow Pages contracts by advertising with Defendants or not to pay Western Directories amounts due.

Defendants are also ordered to show cause why the Court should not grant Plaintiff's motion for a preliminary injunction. Plaintiff need not file any additional papers in support of the

3

motion, but if it wishes to do so, such papers must be filed by May 1, 2009. Defendants' opposition must be filed by May 7, 2009. Plaintiff's reply must be filed by May 14, 2009. The motion will be heard on May 21, 2009 at 2:00 p.m.

This temporary restraining order will become effective upon Plaintiff's posting a bond in the amount of $5,000.

IT IS SO ORDERED.

Dated: 4/29/09

_____
CLAUDIA WILKEN
United States District Judge

4